IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SALES SOLUTIONS, INC.,<br>321 Cumberland Valley Place<br>Martinsburg, West Virginia 25401, | : : : : | Civil Action No. _____ |
| Plaintiff, | : : | **JURY TRIAL DEMANDED:** |
| v. | : : : | |
| GUARDIAN FALL PROTECTION, INC.<br>6305 S 231st Street<br>Kent, WA 98032, | : : : : | |
| Defendant. | : | |

## COMPLAINT IN CIVIL ACTION

Plaintiff Sales Solutions, Inc. ("SSI"), by and through its undersigned attorneys, says the following by way of complaint against Defendant Guardian Fall Protection, Inc.

## INTRODUCTION

1. SSI was previously a manufacturer's sales representative for Defendant, selling Defendant's fall protection equipment in a twenty state territory ranging from Vermont to Florida, and including New York. SSI discovered in 2015 that Defendant had been under paying commissions due to SSI under the parties' then current contract, as well as the prior contract in effect between the parties. Defendant has also failed to pay SSI the sums due under a separate warehousing agreement between the parties.

2. In addition, Defendant induced one of SSI's key Territory Managers to breach his contract with SSI by accepting employment with Defendant and using SSI's confidential information both to compete against SSI and to attempt to induce another of SSI's Territory Managers to terminate his contract with SSI.

3.  SSI brings this action to recover the commissions due under both the parties' recently terminated contract and the preceding contract between the parties, as well as the warehousing fees due under the parties' warehousing agreement. SSI also seeks money damages from Defendant's tortious interference with SSI's contractual relationship with its former territory manager.

## PARTIES, JURISDICTION AND VENUE

4.  SSI is a corporation organized under the laws of the State of Delaware, with its principal place of business at 321 Cumberland Valley Place, Martinsburg, West Virginia 25401.

5.  Upon information and belief, Guardian is a corporation organized under the laws of the State of Washington, with its principal place of business at 6305 S 231st Street, Kent, WA 98032. From October 1, 2007, through March 31, 2016, SSI served as Guardian's sales representative, selling Guardian's fall protection equipment to Guardian's customers in New York State, including but not limited to Defendant's customers within this district. SSI also performed warehousing and related services for Defendant, pursuant to which SSI shipped Defendant's merchandise to Defendant's customers in New York State, including but not limited to Defendant's customers within this district.

6.  This Court has subject matter jurisdiction over this matter 28 U.S.C. § 1332, in that this case involves a dispute between corporations that are citizens of different states, and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

7   The Court has personal jurisdiction over Defendant, and venue is proper in this district, because a substantial portion of the acts and omissions giving rise to the claim arose within this district, and because Defendant does business in this district.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

8. SSI is a manufacturer's representative company specializing in the promotion and marketing of leading edge work zone safety, traffic control, fall protection and personal protective products.

9. Defendant is a manufacturer of safety products for construction industry workers.

10. On or about October 1, 2007, SSI and Defendant entered into a Manufacturer's Representative Agreement (the "First Agreement").

11. Pursuant to the First Agreement, SSI initially represented Defendant's products in 12 different states, or portions thereof, including Maine, Vermont, Massachusetts, New Hampshire, Connecticut, Rhode Island, Virginia, Maryland, Delaware, New Jersey, Eastern Pennsylvania, and Eastern New York.

12. The parties subsequently orally agreed to expand the territory to include 9 additional states, or portions thereof, which were West Virginia, Western New York, Western Pennsylvania, North Carolina, South Carolina, Georgia, Eastern Tennessee, Florida and Alabama.

13. The First Agreement provided that Defendant would pay SSI a commission of five percent (5%) of all net sales of Defendant's products to Defendant's then existing customers within the relevant states, or portion thereof, seven percent (7%) of all such net sales over $1 million, and seven percent (7%) of all net sales to new customers.

14. On or about June 20, 2014, the parties executed another Sales Representative's Agreement (the "Second Agreement"), pursuant to which SSI represented Defendant's products in all of the states, or portions thereof, previously covered by the First Agreement.

15. The Second Agreement provided that Defendant would pay SSI a commission of seven percent (7%) of all gross sales of Defendant's products within the relevant states, or portion thereof, with the following exceptions: SSI would receive a commission of five and a half percent (5 ½%) of gross sales on so called "White Cap" sales, and five and one quarter percent (5.25%) on any other sales made at a discount greater than Defendant's best listed pricing.

16. Beginning in or about 2009, unbeknownst to SSI, Defendant began improperly withholding a portion of the commissions due to SSI under the First Agreement, and continued this practice throughout the remaining time that the parties were operating under the First Agreement.

17. Defendant continued this practice of withholding a portion of the commissions due to SSI under the Second Agreement, and continued it through to October, 2015, when SSI discovered Defendant's practice.

18. SSI earned a total of $380,573.74 in commissions under the First Agreement that Defendant has not paid to SSI.

19. Between June 10, 2014 and October, 2015, Defendant failed to pay SSI a total of $169,406.54 in commissions due under the Second Agreement.

20. In addition, Defendant has not paid SSI a significant portion of the commissions due under the Second Agreement for the time period December 2015 through to March 31, 2016. While Defendant has not provided SSI with reports detailing the amount of sales on which commissions are due, Defendant has conceded that the amount of commissions due is no less than $120,905.13.

21. In 2015, the parties entered into a Warehouse Agreement (the "Warehousing Agreement"). Pursuant to the Warehousing Agreement, SSI agreed to, inter alia, accept delivery of equipment from Defendant at SSI's warehouse, and to ship Defendant's equipment to Defendant's customers as Defendant directed. In exchange, Defendant agreed to pay SSI a commission of five percent (5%) on the net invoice amount of Defendant's equipment shipped from SSI's warehouse, and twenty percent (20%) on the net invoice amount of all of Defendant's rental equipped from SSI's warehouse.

22. To date, Defendant has failed to pay SSI at least $28,845.01 due under the Warehousing Agreement.

23. Beginning in or about February, 2016, in retaliation for SSI's notification to Defendant that SSI intended to terminate the parties' relationship, Defendant began soliciting one of SSI's territory managers, Jonathan Hart, to terminate his engagement with SSI and work for Defendant in Atlanta, Georgia, in a "business development" role.

24. Defendant engaged in this solicitation despite knowing that Mr. Hart's independent contractor agreement with SSI (the "Hart Agreement") prohibited Mr. Hart from working, in Mr. Hart's territory, for a manufacturer whom SSI represented, for a period of one year. Mr. Hart's territory while working for SSI included, inter alia, the state of Georgia.

25. The Hart Agreement also prohibited Mr. Hart from disclosing a number of categories of SSI's confidential business information.

26. On or about February 10, 2016, Defendant's president advised SSI that Mr. Hart had accepted a position with Defendant and that Mr. Hart was presently working for Defendant.

27. After SSI confronted Defendant, Defendant claimed that Mr. Hart had not yet accepted employment with Defendant, but Mr. Hart subsequently accepted employment with Defendant in Atlanta, Georgia, and continues to work for Defendant.

28. At Defendant's instigation, Mr. Hart has used confidential information of SSI to attempt to solicit one or more of SSI's personnel to leave SSI's employ and work for Defendant, and to take business away from SSI and SSI's other manufacturer clients.

## COUNT ONE – BREACH OF CONTRACT

29. SSI hereby incorporates the allegations of paragraphs 1 through 28 by reference as thought set forth fully herein.

30. By virtue of the First Agreement, SSI and Defendant were party to a contract.

31. Defendant breached the First Agreement by failing to pay SSI the commissions due under the First Agreement in the amount of $380,573.74.

32. As a result of Defendant's breach of the First Agreement, SSI has suffered damages.

33. Pursuant to New York Labor Law § 191-c, SSI is entitled to double the amount of SSI's damages, costs of suit and reasonable attorneys' fees.

WHEREFORE, Plaintiff Sales Solutions, Inc. demands judgment in its favor and against Defendant Guardian Fall Protection, Inc. in the amount of $761,147.48, together with costs of suit, reasonable attorneys' fees, and such other relief as the Court may deem just.

## COUNT TWO – BREACH OF CONTRACT

34. SSI hereby incorporates the allegations of paragraphs 1 through 33 by reference as though set forth fully herein.

35. By virtue of the Second Agreement, SSI and Defendant were party to a contract.

36. Defendant breached the Second Agreement by failing to pay SSI the commissions due under the Second Agreement of at least $290,311.67.

37. As a result of Defendant's breach of the Second Agreement, SSI has suffered damages.

WHEREFORE, Plaintiff Sales Solutions, Inc. demands judgment in its favor and against Defendant Guardian Fall Protection, Inc. in an amount to be proven at trial, but in any event no less than $580,623.34, together with costs of suit, reasonable attorneys' fees, and such other and further relief as the Court deems just.

### COUNT THREE – BREACH OF CONTRACT

38. SSI hereby incorporates the allegations of paragraph 1 through 37 by reference as though set forth fully herein.

39. By virtue of the Warehousing Agreement, SSI and Defendant were party to a contract.

40. Defendant breached the Warehousing Agreement by failing to pay SSI the amounts due under the Warehousing Agreement, in the amount of $28,845.04.

41. As a result of Defendant's breach of the Warehousing Agreement, SSI has suffered damages.

WHEREFORE, Plaintiff Sales Solutions, Inc. demands judgment in its favor and against Defendant Guardian Fall Protection, Inc. in the amount of $28,845.04, together with costs of suit, reasonable attorneys' fees, and such other and further relief as the Court deems just.

### COUNT FOUR – TORTIOUS INTERFERENCE WITH CONTRACT

42. SSI hereby incorporates the allegations of paragraph 1 through 41 by reference as though set forth fully herein.

43. By virtue of the Hart Agreement, SSI was party to a contract with Mr. Hart.

44. Defendant was aware of the existence and terms of the Hart Agreement when Defendant began soliciting Mr. Hart to breach the terms of the Hart Agreement.

45. By its conduct as described above, Defendant induced Mr. Hart to breach the terms of the Hart Agreement.

46. Defendant's conduct in this regard was wrongful and not legally privileged.

47. By its conduct as described above, Defendant tortuously interfered with a contractual relationship of SSI, namely the Hart Agreement.

48. Defendant's tortious interference with SSI's contractual relationship has caused SSI damages.

49. Defendant's conduct was knowing, intentional, outrageous and of the sort warranting the imposition of punitive damages.

WHEREFORE, Plaintiff Sales Solutions, Inc. demands judgment in its favor and against Defendant Guardian Fall Protection, Inc. in an amount to be proven at trial, together with costs of suit, punitive damages, reasonable attorneys' fees, and such other and further relief as the Court deems just.

June 10, 2016

_____
Joseph A. Clark
Michael J. Giarrusso
**DILWORTH PAXSON LLP**
One River Centre
331 Newman Springs Road
Building 1, Suite 136
Red Bank, NJ 07701
(732) 383-5524
Email: jclark@dilworthlaw.com
Email: mgiarrusso@dilworthlaw.com

Francis X. Taney, Jr.
**Taney Legal LLC**
110 Simi Court
Cherry Hill, NJ 08003
(215) 514-8736
Email: frank.taney@taneylegal.com
(*Pro hac vice application forthcoming*)

*Attorneys for Plaintiff*